IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division



FILED
MAY 26 2017
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

GREGORY A. RICHARDSON,

    Plaintiff,

v.                        Civil Action No. 3:17CV101

VIRGINIA DEPARTMENT OF CORRECTIONS,

    Defendant.

**MEMORANDUM OPINION**

Gregory A. Richardson, a Virginia detainee proceeding pro se submitted an action he labeled, "MOTION TO VACATE." (ECF No. 1.) By Memorandum Opinion and Order entered on January 8, 2009, the Court subjected all litigation submitted by Richardson to a prefiling injunction. Richardson v. Va. Dep't Corr., No. 3:07cv514 (E.D. Va. Order filed Jan. 8, 2009). That injunction provides:

> 1. Absent a bona fide emergency, the Court will only process one action at a time from Richardson . . . .
> If Richardson files a new action while another action is pending before the Court, the new action will be filed and summarily dismissed without prejudice. If an action is transferred or removed to this Court while another action is currently pending before the Court, the new action will be filed and summarily dismissed without prejudice. Richardson may dismiss a pending action to expedite another action that he wishes the Court to consider. Such dismissal, however, will be with prejudice if a responsive pleading or motion has been filed.
> 2. Richardson may not simultaneously litigate multiple challenges to his current custody in state and federal courts. See 28 U.S.C. § 2244(b); 28 U.S.C. § 2254(b)(1)(A).

3. Richardson is precluded from writing on both sides of any submission.

4. All petitions for writs of habeas corpus and civil rights actions under 42 U.S.C. § 1983 must be submitted on the standardized forms, which may be obtained from the Clerk of Court. To the extent that Richardson wishes to pursue an action under some other statute than 28 U.S.C. § 2241, 28 U.S.C § 2254, or 42 U.S.C. § 1983, he must identify the statute that authorizes the action at top of the first page of the action and succinctly explain why that statute is applicable.

5. In order to monitor Richardson's repetitious and multiplicitious litigation he must attach to each new complaint or petition a separate document entitled "motion for leave to file and certificate of compliance" which shall in separately number paragraphs:

    (a) Identify by style, date filed, and current status, all cases filed by him or in which he has been a plaintiff or petitioner within the one year period preceding the filing of the certificate. Richardson shall also identify in which court the case was filed;

    (b) Certify that the claims he wishes to present are new claims never before raised and dismissed with prejudice by any federal court and set forth why each claim could not have been raised in one of his prior federal actions;

    (c) For any complaint, set forth in separate subparagraphs for each of the defendants the facts that Richardson believes entitle him to relief against the defendant and the basis for his belief that such facts exist. Each subparagraph must, standing alone and without reference to other subparagraphs, exhibits, or attachments, establish that the claim against the defendant is made in good faith, and has a tenable basis in fact and is not frivolous;

    (d) Contain Richardson's statement under penalty of perjury that the statements made in the certificate of compliance are true.

6. Richardson's failure to comply strictly with the requirements set forth above will result in summary denial of the motion for leave to file. If Richardson

misrepresents any facts he will be subject to appropriate sanctions.

Id. at 1-3.

By Memorandum Opinion and Order entered On February 16, 2017 the Court dismissed the action without prejudice because Richardson's Motion to Vacate Richardson's failed to comply with the terms of the injunction.[1] Accordingly, the action will be dismissed without prejudice.

On March 2, 2017, the Court received a motion from Richardson wherein he challenged the dismissal of his action which the Court construes as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion," ECF No. 4). See MLC Auto., LLC v. Town of S. Pines, 532 F.3d 269, 277-78 (4th Cir. 2008) (citing Dove v. CODESCO, 569 F.2d 807, 809 (4th Cir. 1978))). The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406,

---

[1] For example, Richardson wrote on both sides of his submission, he failed to identify the statute that authorizes the action at top of the first page of the action and succinctly explain why that statute is applicable, and failed to file a motion for leave to file and certificate of compliance.

3

1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Richardson's motion fails to satisfy any of the foregoing grounds for relief. Instead, he complains about the issuance of the original prefiling injunction. Any challenge to the prefiling injunction must be filed Richardson v. Va. Dep't Corr., No. 3:07cv514. Accordingly, Richardson's Rule 59(e) Motion (ECF No. 4) and Motion to Stay the Mandate (ECF No. 5) will be denied. The Court will deny a certificate of appealability.

The Clerk is directed to send a copy of the Memorandum Opinion to Richardson.

/s/ R E P
Robert E. Payne
Senior United States District Judge

Date: May 26, 2017
Richmond, Virginia