GREGORY A. RICHARDSON,

    Plaintiff,

v.                          Civil Action No. 3:17CV101

VIRGINIA DEPARTMENT OF CORRECTIONS,

    Defendant.

### MEMORANDUM OPINION

Gregory A. Richardson, a Virginia detainee proceeding pro se, has submitted a motion he labeled "Motion to Vacate" (ECF No. 11) wherein he challenges the Court's May 26, 2017 Memorandum Opinion and Order. (ECF No. 9-10.) By Memorandum Opinion and Order entered on May 26, 2017, the Court construed a prior "Motion to Vacate" from Richardson as a Motion pursuant to Rule 59(e) ("Rule 59(e) Motion I"). (ECF No. 9, at 3.) The Court denied Richardson's Rule 59(e) Motion I because it failed to qualify for relief under Federal Rule of Civil Procedure 59(e). (Id. at 4.) Further, the May 26, 2017 Memorandum Opinion and Order notified Richardson that if he wished to challenge the prefiling injunction issued against him, he must file his challenge in Richardson v. Va. Dep't Corr., No. 3:07cv514. (Id.)

In his present "Motion to Vacate," Richardson challenges the May 26, 2017 Memorandum Opinion and Order because the Court

construed his prior Motion to Vacate "solely as a Motion under Rule 59." (ECF No. 11, at 1.)[1] Richardson also complains of the prefiling injunction. (Id.) The Court construes Richardson's current "Motion to Vacate" as a request for relief from the May 26, 2017 Memorandum Opinion and Order, and as such, a second motion under Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion II").

The United States Court of Appeals for the Fourth Circuit recognizes three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing Weyerhaeuser Corp. v. Koppers Co., 771 F. Supp. 1406, 1419 (D. Md. 1991); Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Richardson apparently relies upon the third ground. Richardson, however, fails to demonstrate that construing his prior "Motion to Vacate" as a Motion pursuant to Rule 59(e) was a clear error of law, or that vacating the denial of his Rule 59(e) Motion I is necessary to prevent a manifest injustice. Accordingly, Richardson's Rule

---

[1] The Court corrects the capitalization in the quotations from Richardson's submissions.

2

59(e) Motion II (ECF No. 11) will be denied.   The Court will deny a certificate of appealability.

Richardson also seeks recusal of the undersigned because the Court issued a prefiling injunction against him, which he deems improper.   (ECF No. 12, at 2-4.)   The Court harbors no bias against Richardson nor does Richardson demonstrate any circumstances where the impartiality of the undersigned might be reasonably questioned.   See Liteky v. United States, 510 U.S. 540, 555 (1994) (holding that unfavorable judicial rulings alone do not constitute bias).   Accordingly, Richardson's Motion for Recusal (ECF No. 12) will be denied. Richardson is again advised that should he wish to challenge the prefiling injunction, he must do so in Richardson v. Va. Dep't Corr., No. 3:07cv514.

The Clerk is directed to send a copy of the Memorandum Opinion to Richardson.

/s/ *REP*

Robert E. Payne
Senior United States District Judge

Date: *October 25, 2017*
Richmond, Virginia

3